Rattle, J.
 

 The question presented on this appeal is, whether it was competent for the Superior Court, on a petition for a divorce and alimony, to hear an affidavit in support of the answer, for the purpose of inducing the Court not to allow the petitioner alimony,
 
 pendente lite.
 
 This question arises on the 15th section of the 39th chapter of the Revised Code, which is in the following words: “In petitions for divorce and alimony, or for alimony, where the matter set forth in such petition shall be sufficient to entitle the petitioner to a decree for alimony, the Cotfrt may, in its discretion, at any time, pending the suit, decree such reasonable alimony, for the support and sustenance of the petitioner and her family, as shall seem just under all the circumstances of the case.— And from such interlocutory decree, there may be an appeal to the Supreme Court, but the Court shall re-examine only the sufficiency of the petition to entitle the petitioner to relief.” In the Court below, the sufficiency of the matters set forth in the petition to entitle the petitioner to relief, was deemed to he the only question which the Court had to consider in deciding whether there should be an allowance made to her for the support of herself and her family, during the pendency of the suit. We concur in that opinion. The Court had no right, under the provision in the 15th section of the act referred to, to look into the answer of the defendant,, or into any affidavit in support of the answer for the purpose of seeing whether her claim was well founded, and of coarse to refuse her any immediate allowance of alimony if it were deemed ill-founded. The whole object of the act would be defeated in many cases, if the practice contended for by the defendant were sanctioned, as is clearly shown by the' reasoning of this Court, in the case of
 
 Taylor
 
 v.
 
 Taylor,
 
 1 Jones’ Rep. 528. The clause of the act which gives an appeal to this Court from an interlocutory order of the Superior Court allowing alimony
 
 pendente lite,
 
 confines this Court to. the- re
 
 *235
 
 examination of the sufficiency of the petition to entitle the petitioner to relief, and we thinlc itis a conclusive inference from this, that the Superior Court was confined to the same narrow bounds in deciding whether there ought to be an immediate allowance at all or not.
 

 The other question presented in the argument of the defendants’ counsel, as to the amount of the allowance, admits, as we think, of a different solution. As to that, we can perceive no sufficient reason why the Judge may not read the defendant’s answer, as well as hear affidavits for the purpose of ascertaining the true value of the defendan-Rs estate, and thus be able to settle the amount of alimony which, without injustice to him, the petitioner ought to receive pending the suit. We so held in the case of
 
 Everton
 
 v.
 
 Everton,
 
 5 Jones’ Rep. 202, and we are still of the same opinio®. The argument of the defendant’s counsel, that the
 
 alIowanpen-dente
 
 lite, which is, of course, made upon a mere
 
 prima facie
 
 ease, was never intended by the statute to be greater than that given by the 3d section of the act upon a case fully and conclusively proved,is very forcible, and will, no dou.bt,have its due effect upon, the Judge who, may preside at the next term of the Court of Equity for Halifax county, when the report of the clerk and master, ordered at the last term of that court, shall have been made.
 

 The interlocutory order from which the appeal was taken, is affirmed, and the opinion will be certified to the Court below, as the law directs.
 

 Pee Cueiam, Decretal Order affirmed.